IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA,<br><br>Plaintiff,<br><br>vs.<br><br>HONOLULU POLICE DEPARTMENT (HPD); OFFICER DE CAIRES; WALMART; TENNESSEE DEPARTMENT OF CORRECTIONS (TDOC); FEDERAL BUREAU OF INVESTIGATION (FBI); FBI AGENT RACHEL BIRD; CHRISTINA G. FUTI; BUD BOWLES OF UNITED SELF-HELP; HALAWA CORRECTIONAL FACILITY (HCF); CAPTAIN CAL MOCK OF HCF,<br><br>Defendants. | Civ. No. 17-00523 JMS-RLP<br><br>ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (3) DENYING MOTIONS FOR APPOINTMENT OF COUNSEL |

## ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (3) DENYING MOTIONS FOR APPOINTMENT OF COUNSEL

### I. INTRODUCTION

On October 13, 2017, pro se Plaintiff Peter R. Tia ("Plaintiff") filed a

Complaint against the Honolulu Police Department ("HPD" or the "City"),[1] HPD

---

[1] The court considers claims against HPD to be against the City and County of Honolulu. *See, e.g.*, *Dowkin v. Honolulu Police Dep't.*, 2010 WL 4961135, at *3 (D. Haw. Nov. 30, 2010) (concluding that because "HPD is not an independent legal entity . . . [t]he court will treat Plaintiff's claims against the HPD as claims against the City") (citations omitted).

Officer DeCaires, Walmart, Tennessee Department of Corrections ("TDOC"), Federal Bureau of Investigation ("FBI"), FBI Agent Rachel Bird, Christina F. Futi, Bud Bowles of United Self-Help, Halawa Correctional Facility ("HCF"), and HCF Captain Cal Mock.[2] ECF No. 1. On November 16, 2017, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP"). ECF No. 7. And on November 30 and December 4, 2017, Plaintiff filed virtually identical Motions for Appointment of Counsel. ECF Nos. 8, 9. Based on the following, the court GRANTS the IFP Motion,[3] DISMISSES the Complaint with leave to amend, and DENIES the Motions for Appointment of Counsel.

## II. DISCUSSION

### A. Plaintiff's IFP Motion Is Granted

Plaintiff's IFP Motion indicates that beginning November 3, 2017, he receives monthly Social Security Disability ("SSD") payments of $664, and on October 20, 2017, he received a one-time SSD payment of $3,951.80. IFP Motion ¶ 3; ECF No. 7-3. The IFP Motion also indicates that after paying Plaintiff's

---

[2] The Complaint names all Defendants in their individual and official capacities. Compl. at 1.

[3] Plaintiff is a former prisoner who has accrued three strikes under 28 U.S.C. § 1915(g). *See, e.g.*, *Tia v. Head of the United States Court of Appeal for the Ninth Circuit*, 2017 WL 2951423, at *1 (D. Haw. July 10, 2017). Because he is no longer incarcerated, however, § 1915(g)'s exception — allowing a new civil action to proceed IFP only when a prisoner is in imminent danger of serious physical injury — does not apply.

2

monthly expenses of $1,020 ($255 per week) for a room at the YMCA, $73.08 for storage, and unspecified clothing, food, and other living expenses, he had only $1,129 remaining in a bank account and no other assets. IFP Motion ¶¶ 1, 3, 6; ECF Nos. 7-4, 7-6. Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed in forma pauperis (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's IFP Motion.

**B.     Plaintiff's Complaint Is Dismissed With Leave to Amend**

*1.     The Complaint*

As alleged in the Complaint, on September 23 and 24, 2017, Plaintiff purchased from Walmart a smart phone and a 30-day phone card with unlimited talk, text, and data. Compl. at 1. Plaintiff did not receive his unlimited data. *Id.* at 2. The rest of the Complaint is a confused, somewhat incoherent, rambling narrative. Plaintiff alleges that "Rachel Bird of the TDOC FBI" cut off his data because she is connected to "Plaintiff's ex-girlfriend Christina G. Futi who does not wish . . . to be contacted by Plaintiff." *Id.* Plaintiff further alleges that on October 9, 2017, Officer DeCaires refused to correct Walmart's alleged breach of contract and instead, "threatened to harm and arrest Plaintiff for complaining" about Walmart's alleged "illegality." *Id.* at 1, 2. The Complaint alleges that DeCaires and two unnamed HPD officers are "homosexual tomboy females" who are part of a "homosexual mafia tied to . . . Mock." *Id.* at 3. Plaintiff sued Mock

3

in a separate lawsuit in 2010 for allegedly harming his "brother John Tia with homosexual mafia injuries" that are somehow "tied [to] Plaintiff's ex-girlfriend Futi also a lesbian!" *Id.* The Complaint further alleges that Bird is a homosexual who "abuses her law enforcement ties in behalf of all citied homosexual defendants to break the laws and intentionally pervert the law and Plaintiff's safety!" *Id.* And Plaintiff alleges that all defendants "wish to kill [him] for exposing . . . Mock's perverse misconduct at HCF . . . in [a separate] lawsuit!" *Id.* Finally, the Complaint alleges that Bowles "failed to provide Plaintiff gate monies [of] $200 upon release from HCF after Plaintiff served a 10 year prison term . . . due to [Futi] falsely arresting Plaintiff for corrupt HPD." *Id.* at 2.

Plaintiff asserts claims for "breach of duty," breach of contract, and "government corruption." *Id.* at 1-3. Plaintiff seeks a "court investigation," an injunction to protect him "from all Defendants and their illegalities," compensatory damages of $4 million, and $1.5 million in punitive damages. *Id.* at 4.

### 2. *Standards of Review*

The court may dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."); Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited

jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Plaintiff bears the burden of establishing subject-matter jurisdiction. *Kokkonen*, 511 U.S. at 377. At the pleading stage, Plaintiff must allege sufficient facts to show a proper basis for the court to assert subject-matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

Plaintiff is appearing *pro se*; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

In addition, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of

any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A complaint "is 'frivolous' where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[The] term 'frivolous,' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). When determining whether to dismiss a complaint as "frivolous," the court need not "accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.").

And to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of*

*Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet — that the court must accept as true all of the allegations contained in the complaint — "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

A complaint must also meet Federal Rule of Civil Procedure 8's requirements that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in

error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation signals omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

### 3. *Application of Standards*

#### a. *Subject-matter jurisdiction*

In general, Plaintiff may establish the court's subject-matter jurisdiction in one of two ways. First, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). To premise jurisdiction on diversity, the Complaint must allege both diversity of citizenship and the proper amount in controversy. *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990). Alternatively, Plaintiff may assert that Defendants violated the

Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiff failed to assert, and apparently cannot assert, the existence of diversity jurisdiction because it appears that both Plaintiff and some Defendants are citizens of Hawaii. The envelope in which the Complaint was mailed lists a Honolulu address for Plaintiff, and claims against HPD and HCF (and their employees sued in their official capacities) are considered to be against the City and State of Hawaii, respectively. *See Dowkin*, 2010 WL 4961135, at *3; *Thompson v. City & Cty. of Honolulu*, 2017 WL 217647, at *3 (D. Haw. Jan. 18, 2017) (recognizing that a claim against HCF is against the State of Hawaii).

Plaintiff also failed to specifically identify any federal laws or rights that were violated. Rather, the Complaint alleges only state-law claims. Thus, the Complaint is DISMISSED for lack of subject-matter jurisdiction.

      b.     *The Complaint is frivolous*

But even if the Complaint could be construed to assert a claim under 42 U.S.C. § 1983 for a general violation of some constitutional right, thereby establishing subject-matter jurisdiction, the Complaint is frivolous. Any potential constitutional claim is based on the fantastic, irrational, and delusional theory that the FBI, HPD, HCF, TDOC, or their agents and officers are somehow connected to

a "homosexual mafia" that seeks to harm Plaintiff through: (1) Bird cutting off Plaintiff's unlimited data plan; (2) DeCaires threatening to harm and arrest Plaintiff rather than enforce Plaintiff's contractual rights against Walmart; and (3) all Defendants seeking to kill Plaintiff. Courts have routinely dismissed similarly implausible and unsubstantiated claims as frivolous. *See, e.g.*, *Ellerbe v. U.S. Fed. Gov't Officials, Officers, Agents, and Emps.*, 2017 WL 1324898, at *2 (E.D. Pa. Apr. 6, 2017) (dismissing without leave to amend frivolous complaint alleging vast government conspiracy against plaintiff); *Buzzell v. Skowhegan Sav. Bank*, 2017 WL 149958, at *2 (D. Me. Jan. 13, 2017) (dismissing frivolous complaint where "allegations are disjointed and largely conclusory" and fail "to give rise to any [cognizable] cause of action"); *Vidmar v. Honolulu Police Dep't*, 2016 WL 4523586, at *6 (D. Haw. Aug. 29, 2016) (dismissing as frivolous complaint alleging that city and state agencies and officials conspired to harm Plaintiff by failing to stop the spraying of deadly poison in her residence); *Mendes v. United States*, 88 Fed. Cl. 759 (Fed. Cl.), *app. dism'd*, 375 F. App'x 4 (Fed. Cir. 2009) (upholding dismissal of frivolous complaint alleging that "zealot, fanatical women" employed by the FBI and CIA used "laser beam technology" against plaintiff); *Cain v. City of Ventura*, 2011 WL 4403290, at *1 (C.D. Cal. July 7, 2011) (collecting cases).

*c.     The Complaint fails to state a claim*

Further, the Complaint fails to state a federal civil rights claim. "To sustain an action under § 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Here, the Complaint neither identifies any federal constitutional or statutory right that was allegedly violated, nor alleges facts to support such a claim.

Accordingly, the Complaint is DISMISSED as frivolous and for failure to state a claim.

*d.     Improperly joined claims and parties*

Lastly, even if the Complaint could be construed to assert subject-matter jurisdiction and a federal civil rights claim, it would still be deficient for failure to comply with the Federal Rules of Civil Procedure. The alleged incidents forming the bases of the Complaint — Walmart's failure to provide unlimited data, Bird's actions cutting off Plaintiff's unlimited data, DeCaires' threat to harm and/or arrest Plaintiff for complaining about Walmart's failure to provide unlimited data, Bowles' failure to provide "gate monies" upon Plaintiff's release

from prison, an alleged "homosexual mafia," Mock's harm to Plaintiff's brother, Bird's alleged abuse of her law enforcement ties, and all Defendants' "wish to kill . . . Plaintiff for exposing Mock's perverse misconduct at HCF" in a separate lawsuit — are not all related in terms of time and location, and involve individuals who are not mutually responsible for all incidents. Thus, the Complaint appears to violate Rules 18 and 20 of the Federal Rules of Civil Procedure.

Under Rule 18(a), governing joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties. Under Rule 20(a)(2), permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Unrelated claims involving different defendants belong in different suits. *See Woods v. City of L.A.*, 2017 WL 5634105, at *5 (C.D. Cal. Nov. 22, 2017) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); *Pitts v. Tuitama*, 2017 WL 1731681, at *4 (D. Haw. May 2, 2017) (citing cases).

Plaintiff's Complaint involves incidents that do not arise from the same transaction or occurrence or series of transactions or occurrences, and they

clearly involve separate acts done by different individuals. Plaintiff's attempt to tie the alleged facts together through allegations of a "homosexual mafia" flies in the face of common sense and this court's judicial experience. That is, Plaintiff's interpretation does not meet *Iqbal's* standard of plausibility. *See Iqbal*, 556 U.S. at 679-80.

Because Plaintiff's unrelated allegations against numerous Defendants cannot be joined in the same action, the Complaint is DISMISSED.

### 4. *Leave to Amend*

This dismissal is without prejudice, and Plaintiff is granted leave to amend. If Plaintiff chooses to file an amended complaint, he should write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff should repeat this process for each person or entity that he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state

a claim. Further, any amended complaint must comply with Federal Rules of Civil Procedure 8, 18 and 20.

### 5. *Supplemental Jurisdiction over State-Law Claims*

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over [state-law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" Because the Complaint fails to allege any basis for diversity jurisdiction and fails to state a federal claim, the court does not address Plaintiff's state-law claims.

If Plaintiff does not file an amended complaint, the court will decline jurisdiction over the state-law claims pursuant to § 1367(c) and dismiss them without prejudice. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

If Plaintiff chooses to file an amended complaint that states a cognizable federal claim against a Defendant, however, the court will retain jurisdiction over related state-law claims included in the amended complaint and address them at that time.

C.  **Motions for Appointment of Counsel**

Plaintiff seeks appointed counsel to assist him with this action as well as numerous other issues he has with matters not connected to this case. For example, he refers to HPD incident reports in which he reported a stolen bike and documented a patent attorney's failure to help Plaintiff with an invention. ECF Nos. 8-2, 9-2. Plaintiff states that he dropped out of high school and lacks funds and a stable place to live. ECF Nos. 8 at 1, 9 at 1.

Generally, a civil litigant has no right to counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, pursuant to 28 U.S.C. § 1915(e)(1), the court "may under 'exceptional circumstances' appoint counsel for indigent civil litigants." *Id.*; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) ("The decision to appoint such counsel is . . . granted only in exceptional circumstances."). In determining whether "exceptional circumstances" exist, the court must consider a litigant's "'likelihood of success on the merits as well as the [litigant's] ability . . . to articulate his claims *pro se* in light of the

complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Difficulties that any litigant proceeding pro se would face "'do not indicate exceptional factors.'" *Johnson v. Young*, 2016 WL 923094, at *2 (D. Nev. Mar. 10, 2016) (quoting *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990)).

Here, Plaintiff has not demonstrated "exceptional circumstances." Although Plaintiff may be ill-equipped to articulate his claims pro se, he is highly unlikely to succeed on the merits of his claims. Plaintiff's claims are based largely on the irrational theory that federal, state, and city agents and officers are connected to a "homosexual mafia" that is threatening, and has threatened, to harm and/or kill Plaintiff. Such claims are fanciful. Thus, the Motion for Appointment of Counsel is DENIED.

### III. CONCLUSION

For the reasons stated above, the court (1) GRANTS the IFP Motion; (2) DISMISSES Plaintiff's Complaint as frivolous, for failure to state a claim, and for failure to comply with the Federal Rules of Civil Procedure; and (3) DENIES the Motions for Appointment of Counsel. Plaintiff is granted until February 9, 2018 to file an amended complaint.

An amended complaint will supersede the Complaint and must be complete in itself without reference to prior superseded pleadings. *E.g., King v.*

*Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc)). An amended complaint must state that it is the "Amended Complaint," and must be retyped or rewritten in its entirety — it may not incorporate any part of the original Complaint merely by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Failure to file an amended complaint by February 9, 2018 will result in automatic dismissal of this action without prejudice.

To assist Plaintiff to comply with this order, the Clerk of Court is DIRECTED to send Plaintiff a copy of the court's non-prisoner pro se civil rights complaint form.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 4, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Tia v. Honolulu Police Dept., et al.*, Civ. No. 17-00523 JMS-RLP, Order (1) Granting Motion to Proceed In Forma Pauperis, (2) Dismissing Complaint With Leave to Amend, and (3) Denying Motions for Appointment of Counsel