IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PETER R. TIA, | Civ. No. 17-00523 JMS-RLP |
|---|---|
| Plaintiff, | ORDER (1) DISMISSING AMENDED COMPLAINT IN PART; AND (2) TO SHOW CAUSE |
| vs. | |
| CCA INC., ET AL., | |
| Defendants. | |

## ORDER (1) DISMISSING AMENDED COMPLAINT IN PART; AND (2) TO SHOW CAUSE

### I. INTRODUCTION

On January 19, 2018, Plaintiff filed an Amended Complaint against CoreCivic,[1] CoreCivic employee Mark Staggs, Federal Bureau of Investigation ("FBI") agent Rachel Bird, Walmart Store, and Straight Talk. ECF No. 14. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. For the reasons discussed below, the court (1) DISMISSES the Amended Complaint in part pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a),

---

[1] The Amended Complaint names CCA Inc. as a defendant, but because Corrections Corporation of America ("CCA") is now known as CoreCivic, the court uses its current name. *See United States v. Black*, 2018 WL 398457, at *1 (D. Kan. Jan. 12, 2018) (recognizing name change); *see also McNary v. Corr. Corp. of Am.*, 2017 WL 5897401, at *1 n.1 (D.N.M. Nov. 28, 2017) ("CCA recently announced a corporate rebranding as CoreCivic.") (internal citation omitted).

and (2) ORDERS Plaintiff to show cause why his state-law claims should not be dismissed for lack of diversity jurisdiction.

## II. **BACKGROUND**

**A.     The Complaint**

On October 13, 2017, Plaintiff filed his original Complaint. ECF No. 1. Shortly thereafter, he filed applications to proceed in forma pauperis ("IFP") and for appointment of counsel. ECF Nos. 7-9. The Complaint alleged that on September 23 and 24, 2017, Plaintiff purchased from Walmart a smart phone and a 30-day phone card with unlimited talk, text, and data, but he did not receive one month of unlimited data. Compl. at 1-2. The remainder of the Complaint was a confusing, incoherent narrative alleging in part that various federal and state law enforcement and correctional entities in Hawaii and Tennessee, or their agents and officers, are connected to a "homosexual mafia" that is out to harm Plaintiff through (1) cutting off his data plan; (2) threatening to harm and arrest him rather than enforce his contractual rights against Walmart; and (3) seeking to kill him. *Id.* at 1-3. The Complaint asserted claims for "breach of duty," breach of contract, and "government corruption," *id.*, and it sought a "court investigation," an injunction to protect him "from all Defendants and their illegalities," compensatory damages of $4 million, and $1.5 million in punitive damages. *Id.* at 4.

On January 4, 2018, the court granted Plaintiff's IFP motion, dismissed his Complaint with leave to amend, and denied his motions for appointment of counsel (the "January 4 Order"). ECF No. 13. The court dismissed the Complaint for lack of subject-matter jurisdiction (failing to establish diversity or federal question jurisdiction), as frivolous, for failure to state a claim, and for violation of Federal Rules of Civil Procedure 18 (governing joinder of claims) and 20 (governing joinder of parties). *Id.* at 8-13. The court granted Plaintiff leave to amend, explaining that to state a 42 U.S.C. § 1983 claim, he must allege "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Id.* at 11 (citation omitted). The January 4 Order also explained that an Amended Complaint must contain:

> short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.

January 4 Order at 13. The court further explained that "Plaintiff should repeat this process for each person or entity that he names as a defendant[, and that] . . . any amended complaint must comply with Federal Rules of Civil Procedure 8, 18 and

20." *Id.* 13-14.  The court warned Plaintiff that "[i]f [he] fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim." *Id.*  And finally, to assist Plaintiff to comply with the January 4 Order, the court directed the Clerk of Court to mail a copy of the court's approved non-prisoner civil rights complaint form to Plaintiff.  *Id.* at 17.

**B.     The Amended Complaint**

On January 19, 2018, Plaintiff filed an Amended Complaint alleging that on September 23, 2017, he purchased a prepaid phone from Walmart and Straight Talk for $31.29.  Am. Compl. ¶ III.C, ECF No. 14.  On September 24, 2017, he purchased a service plan that included one month of unlimited data for $47.12, but the "data did not last more than a week."  *Id.*  That is, "Walmart and Straight Talk fraudulently advertised but did not fulfill agreed unlimited 1 months data service!"  *Id.* ¶ IV.  As a consequence, Plaintiff allegedly suffered "8th, 14th" Amendment injuries.  *Id.*  The Amended Complaint also alleges that "Plaintiff won a state claim on this matter [in] case # 1CS17-1-3138."  *Id.*

The Amended Complaint further alleges claims against Defendants CoreCivic, Staggs and Bird for "past troubles" alleged in a prior action in this

///

///

district. The court takes judicial notice of that action[2] — *Tia v. Staggs, et al.*, Civ. No. 15-00159 DKW-BMK.[3] Specifically, the Amended Complaint alleges:

> Plaintiff pursuant to cited laws and U.S. const. deprivations sues defendants also Staggs and Bird due past troubles in USDC Hon. CV 15-00159 DKW-BMK reason for federal violations fraud, contractual breaches, emotional harm and injury.

Am. Compl. ¶ V.

The Amended Complaint asserts claims pursuant to 42 U.S.C. § 1983 and/or *Bivens*[4] for violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution and for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, as well as state-law claims for breach of contract, fraud, and infliction of emotional distress. *Id.* ¶¶ II, III.C, IV, V. The Amended Complaint seeks $1 million in compensatory

---

[2] The court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *see also Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001) ("A court may take judicial notice of matters of public record.") (citation and quotation marks omitted).

[3] That action was filed while Plaintiff was incarcerated (in Hawaii at Halawa Correctional Facility) and was dismissed pursuant to 28 U.S.C. 1915(g) because Plaintiff had accrued three strikes and failed to show that he was in imminent danger of serious physical injury. *See Tia v. Staggs, et al.*, Civ. No. 15-00159 DKW-BMK (D. Haw. May 7, 2015) (citing cases). The allegations in that Complaint are completely unrelated to the allegations asserted in this action against Walmart and Straight Talk. *See id.* (alleging that a Japanese enterprise comprised of numerous federal and state defendants conspired with other state and private defendants to deny Plaintiff release from custody and interfere with his anti-global warming satellite invention).

[4] "*Bivens*" references *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

damages, $500,000 in punitive damages, and injunctive relief to prevent future abuses. *Id.* ¶ V.

The Amended Complaint does not allege the parties' citizenship, but does list a Hawaii address for Plaintiff, Tennessee addresses for CoreCivic, Staggs and Bird, and an Arkansas address for Walmart. *Id.* at 2-3. It does not list an address for Straight Talk or provide any other information about the location of each entity's main office and principal place of business. *Id.*

## C. State-Court Action

The court also takes judicial notice of the state-court docket for Case ID #1CS171003138, which shows that on October 27, 2017, Plaintiff filed an action against Walmart. *See* http://hoohiki.courts.hawaii.gov/#/case?caseId=1SC171003138 (last visited February 22, 2018). On November 22, 2017, the parties settled Plaintiff's claim for $47.12 — the exact amount of the alleged defective phone service plan Plaintiff purchased from Walmart and/or Straight Talk. *See id.* And on that same day, pursuant to the parties' agreement, the state-court case was dismissed with prejudice. *Id.*

## III. STANDARDS OF REVIEW

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be

granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). A complaint "is 'frivolous' where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[The] term 'frivolous,' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

In considering whether a complaint fails to state a claim, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and determine whether these allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

699 (9th Cir. 1990).

A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation signals omitted).

Plaintiff is appearing *pro se*; consequently, the court liberally construes the Amended Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v.*

8

*Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

## IV. **DISCUSSION**

Construed liberally, Plaintiff's Amended Complaint asserts claims for violation of constitutional rights pursuant to 42 U.S.C. § 1983 and *Bivens*, a civil RICO claim, and state-law claims. But the Amended Complaint again attempts to join together unrelated incidents[5] and fails to correct defects identified in the January 4 Order. The court addresses these points in turn.

### A. **Improper Joinder of Claims and Parties**

First, the Amended Complaint again improperly joins claims and parties in violation of Rules 18 and 20. As this court explained previously:

> Under Rule 18(a), governing joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties. Under Rule 20(a)(2), permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

---

[5] In addition to Plaintiff's continued violation of Rules 18 and 20 governing joinder of claims and parties, Plaintiff recently filed a separate action also based at least in part on the same or similar incidents alleged in *Staggs*. *See Tia v. Honolulu Police Dep't, et al.*, Civ. No. 17-00607 DKW-KJM (D. Haw. Feb. 7, 2018) (finding that Plaintiff failed to state a claim based in part on frivolous allegations of interference preventing Plaintiff from receiving proceeds for his anti-global warming satellite invention). That case was summarily dismissed pursuant to the court's § 1915 screening. *Id.*

9

> Unrelated claims involving different defendants belong in different suits. *See Woods v. City of L.A.*, 2017 WL 5634105, at *5 (C.D. Cal. Nov. 22, 2017) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); *Pitts v. Tuitama*, 2017 WL 1731681, at *4 (D. Haw. May 2, 2017) (citing cases).

January 4 Order at 12.

Here, the allegations related to the purchase of a phone and defective service plan from Walmart and Straight Talk are completely unrelated to the "past troubles" — concerning an alleged conspiracy to deny Plaintiff's release from incarceration and to interfere with Plaintiff's anti-global warming satellite invention — alleged in *Staggs*. Nor are all of the Defendants mutually responsible for all the alleged incidents. Wrongdoing related to the defective phone service plan is alleged against Walmart and Straight Talk, and unspecified "past troubles" are alleged against CoreCivic, Staggs, and Bird. In short, the Amended Complaint is based on incidents that do not arise from the same transaction or occurrence or series of transactions or occurrences and that clearly involve separate acts done by different groups of Defendants.

Under Rules 18 and 20, unrelated allegations against different Defendants cannot be joined in the same action, but must be brought in separate lawsuits. The court may sever misjoined parties as long as no substantial right is prejudiced by such severance. *See Owens v. Hinsley*, 635 F3d 950, 952 (7th Cir.

2011); *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997). Because Plaintiff has twice attempted to join these unrelated claims and parties, the court finds it appropriate to sever Plaintiff's claims against CoreCivic, Staggs, and Bird from this action.

Thus, claims against CoreCivic, Staggs, and Bird are DISMISSED without leave to amend.[6]

**B.      Failure to State a Plausible Federal Claim for Relief**

Second, the Amended Complaint fails to state a plausible federal claim for relief against Walmart and Straight Talk.

*1.      42 U.S.C. § 1983/Bivens Claims*

Viewed liberally, the Amended Complaint alleges constitutional injuries based on Walmart's and Straight Talk's failure to provide the phone service data plan for which Plaintiff paid. *See* Compl. ¶¶ II.C., IV.

To sustain a civil rights action pursuant to 42 U.S.C. § 1983, a plaintiff "must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500

---

[6] Further, the Amended Complaint fails to state a claim against CoreCivic, Staggs, and Bird. The Amended Complaint fails to allege any facts whatsoever against those Defendants — at most, it alleges that Staggs and Bird are being sued for "past troubles" referenced in *Staggs*, a separate lawsuit that was dismissed in 2015.

11

F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Here, neither Walmart nor Straight Talk is alleged to be a state actor. Rather, they are private entities. *See Shelton v. Crookshank*, 2018 WL 527423, at *5 (N.D. W.Va. Jan. 24, 2018) (dismissing § 1983 claims against Walmart employees because "Walmart . . . [is a] private entit[y] and [its] employees are not acting under color of . . . state law"); *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1296 (S.D. Fla. 2016) (finding that "TracFone" does business under the "Straight Talk" brand); *King v. TracFone Wireless, Inc.*, 2009 WL 198001, at *1 (N.D. Ind. Jan. 26, 2009) (recognizing that "TracFone [is] a private company").

A private party may, under limited circumstances, act under color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). To establish joint action, a plaintiff must show willful, joint participation between the state and a private actor in which "the state has so far insinuated itself into a position of interdependence with the private [actor] that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional

behavior." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011) (citations and quotations omitted).

Plaintiff has failed to state a § 1983 claim because the Amended Complaint fails to allege *any* facts showing what state action was taken or that Walmart or Straight Talk is a state actor. Similarly, Plaintiff may have been attempting to assert a *Bivens* claim against Bird, but nothing in the Amended Complaint allows the court to infer that Walmart or Straight Talk is a federal actor. *See Ziglar v. Abassi*, 137 S. Ct. 1843, 1854-58 (2017) (recognizing that *Bivens* provides an implied damages remedy for limited constitutional violations by federal actors). Thus, Plaintiff fails to state a *Bivens* claim.

Moreover, even though Plaintiff vaguely asserts a violation of his First, Eighth, and Fourteenth Amendment rights, he provides no facts to support such claims. The only facts alleged in the Amended Complaint relate to the purchase of a phone and defective service plan from Walmart and/or Straight Talk. Without more, the court cannot discern how these facts relate to the deprivation of any constitutionally protected rights.

In sum, the Amended Complaint fails to state a plausible § 1983 or *Bivens* claim for relief. And because it does not appear that Plaintiff could

possibly amend to state a plausible § 1983 or *Bivens* claim against Walmart or Straight Talk, these claims are DISMISSED without leave to amend.

### 2. *RICO Claim*

To the extent Plaintiff asserts that the facts alleged support a federal civil RICO claim, he is mistaken. To allege a federal civil RICO claim, Plaintiff must establish: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, and additionally must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see also* 18 U.S.C. § 1961. The Amended Complaint does not sufficiently plead *any* of these elements. *See Graf v. Peoples*, 2008 WL 4189657, at *6 (C.D. Cal. Sept. 4, 2008) ("Plaintiff does not expressly identify any RICO predicate acts, but simply incorporates his previous allegations. Such 'shotgun' pleading is insufficient to plead a RICO claim.") (citing *Savage v. Council on American-Islamic Relations, Inc.*, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (finding that a RICO claim was insufficient where plaintiff set forth a "redundant narrative of allegations and conclusion of law, but [made] no attempt to allege what facts [were] material to his claims under the RICO statute, or what facts [were] used to support what claims under particular subsections of RICO")).

Any attempt to amend the RICO claim against Walmart and Straight Talk would be futile. Thus, the RICO claim is DISMISSED without leave to amend.

**C.     Jurisdictional Issues**

A federal court has subject-matter jurisdiction either through diversity jurisdiction pursuant to 28 U.S.C. § 1332 or through federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* January 4 Order at 8-9; *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). As set forth below, the Amended Complaint fails to assert subject-matter jurisdiction.

*1.     Federal Question Jurisdiction*

In order to establish federal-question jurisdiction, Plaintiff must do more than merely assert that his claims arise under federal law — he must also allege facts that are sufficient to state a plausible claim under that federal law. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178 , 189 (1936) (explaining that a plaintiff "must allege in his pleading the facts essential to show jurisdiction. . . . [J]urisdiction may [not] be maintained by mere averment"). As set forth above, Plaintiff's federal claims are dismissed with prejudice based on Plaintiff's inability to allege facts supporting those claims. Thus, Plaintiff failed to establish federal question jurisdiction.

### 2. *Diversity Jurisdiction*

A plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, *and* is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (emphasis added). To premise jurisdiction on diversity, the complainant must allege both diversity of citizenship and the proper amount in controversy. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015); *Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990). There must be complete diversity of citizenship between the opposing parties — in other words, Plaintiff must be a citizen of a different state than all of the defendants. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A corporation is considered a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

### a. *Diversity of citizenship*

Here, the Amended Complaint does not contain *any* factual allegations concerning the citizenship of any party. It provides a Hawaii address for Plaintiff and an Arkansas address for Walmart, but it does not specify whether Walmart is incorporated in Arkansas or whether the address provided is of its principal place of business. And there is no information at all about Straight Talk's

state(s) of incorporation and principal place of business. Thus, the Amended Complaint fails to establish diversity jurisdiction.

  b. *Amount in controversy*

To determine whether a complaint meets § 1332(a)'s amount in controversy requirement, the court applies the "legal certainty" test. *See Naffe*, 789 F.3d at 1039 (citing *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986) (adopting the "legal certainty" test)). Under this test, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 1040 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283-288-89 (1938)). That is, where a "complaint affirmatively alleges that the amount in controversy exceeds the jurisdictional threshold . . . the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." *Id.* at 1040 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288-89).

Here, the Amended Complaint does not affirmatively allege damages, or a basis for damages, beyond the $47.12 for the allegedly defective phone service plan and possibly $31.29 for the cost of a phone. *See* Compl. ¶ III.C. There are no other factual allegations of injury or damage. Rather, Plaintiff simply seeks an award of $1.5 million to remedy both the state-law claims against Walmart and

17

Straight Talk and the dismissed federal claims. *See id.* ¶ V. As alleged, Plaintiff's claims against Walmart and Straight Talk arise from a possible contract dispute worth, at most, $78.41. And Plaintiff settled a claim arising from this same dispute against Walmart in state court for $47.12. *See* http://hoohiki.courts.hawaii.gov/#/case?caseId=1SC171003138. That is, Plaintiff obtained an agreement from Walmart to compensate him for the amount he paid for the phone service plan to settle a state-court claim. Based on these facts, Plaintiff's prayer for damages of $1.5 million does not appear to be made in good faith. The court finds it inconceivable that Plaintiff could assert a basis for damages in excess of $75,000 on his claims against Walmart and Straight Talk. In short, the court is inclined to find to a legal certainty that Plaintiff's claims are worth less than the jurisdictional amount.

Nevertheless, out of an abundance of caution, the court grants Plaintiff leave to file a statement by March 14, 2018 explaining how he could amend to establish diversity jurisdiction. To be clear, Plaintiff is *not* given leave to file an amended complaint. Instead, he may file a statement by March 14, 2018 explaining how he could amend his existing Amended Complaint to establish diversity jurisdiction.

///

///

## V. **CONCLUSION**

All claims against CoreCivic, Staggs, and Bird are DISMISSED without leave to amend. Federal claims against Walmart and Straight Talk are DISMISSED without leave to amend for failure to state a claim.

Plaintiff is ORDERED to show cause why his state-law claims against Walmart and Straight Talk should not be dismissed for lack of diversity jurisdiction. That is, Plaintiff is ORDERED to file a statement by March 14, 2018, explaining how he could amend the existing Amended Complaint to establish diversity jurisdiction — Plaintiff must set forth diversity of citizenship of all parties, *and* show how he has incurred damages in excess of $75,000 as a result of Walmart's and Straight Talk's conduct.

///

///

///

///

///

///

///

///

///

If Plaintiff fails to file a statement by March 14, 2018, or fails to show how he could amend to establish diversity jurisdiction, the court will dismiss the remaining counts of the Amended Complaint for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 1, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Tia v. CCA Inc., et al.*, Civ. No. 17-00523 JMS-RLP, Order (1) Dismissing Amended Complaint in Part; and (2) To Show Cause